In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| Brent Delano Hill, | ) | Civil Action No. 9:07-0196-GRA-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| | ) | |
| Robert Dwyer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

The Plaintiff, Brent Delano Hill ("Plaintiff" or "Hill"), was pre-trial detainee who was housed in the Sumter-Lee Regional Detention Center ("SLRDC") at the time of events giving rise to this action.  Plaintiff has filed this action against the above-captioned defendant, Robert Dwyer ("Defendant" or "Dwyer"), alleging cruel and unusual punishment, a deprivation of due process, and mental anguish when the Plaintiff was transferred from general population to administrative segregation on May 30, 2006 pursuant to the Defendant's order.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C.,

---

[1] *See* Complaint [1] at p. 3.  The court takes judicial notice of the fact that this is the third of three cases the Plaintiff has filed with this court.  *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (The court may take judicial notice of its own files and records.).  The first case, *Hill v. McMillian and Major,* 9:06-00761-GRA-GCK, involved the same defendants as the present case.  The second, *Hill v. Major et al*, 9:06-2179-GRA-GCK, involved the same facts as in the present complaint, and was dismissed without prejudice by the District Court, for Plaintiff's failure to exhaust administrative remedies, by an order filed on June 1, 2007.  Sergeant Dwyer was an affiant in that case; his statement appears to form the factual basis for the instant action.

the undersigned United States Magistrate Judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II.    *PRO SE* **COMPLAINT**

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett*

*v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case with the present complaint.

## III.  FACTUAL BACKGROUND

The evidence, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, is set forth below.

The Plaintiff contends that he was deprived of his liberty intrest without due process when he was transferred on May 30, 2006 from the SLRDC's general population pod to B-Pod, which is used for administrative segregation. This action appears to have been filed as a result of an affidavit sworn by the Defendant and filed in *Hill v. Major*, et al, C.A. No. 9:06-2179-GRA-GCK; according to the Plaintiff, the Defendant's affidavit states: "Sgt. Adams and I agreed that these inmates could not stay in the open pod since they were arguing."[2] The Plaintiff alleges a violation of detention center policy, and further that he was kept in B-pod for 184 days, while the inmate with whom he was arguing was kept in B-pod for only 35

---

[2]     *See* Complaint [1] at p. 3.

days.[3]

## IV. PROCEDURAL BACKGROUND

The Plaintiff commenced this action on January 20, 2007 against the Defendant, seeking compensatory and punitive damages in the amount of $75,000.00.[4]  On March 7, 2007, an answer was filed on behalf of the Defendant, which asserted numerous defenses, including Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995.  [6]

On April 19, 2007, a Motion for Summary Judgment with a supporting memorandum was filed on behalf of the Defendant.  [11]  On April 20, 2007, the undersigned issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying the Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendant's Motion for Summary Judgment.  [14]  Thereafter, the Plaintiff filed a motion to compel discovery [19], which was denied by the undersigned by an order filed on April 30, 2007.  [21]  Thereafter, the Plaintiff filed a Motion for Extension of Time to respond to the Defendant's Motion for Summary Judgment [22] and a second Motion to Compel Discovery.  [23]  On May 23, 2007, the Plaintiff filed his response to Defendant's Motion for Summary Judgment.  [26]  The Defendant filed a Reply June 4, 2007.  [30]  Accordingly, this case is ripe for review by the undersigned.

---

[3]    *See* Complaint [1] at p. 3.

[4]    The Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his Complaint.  [4-1]

## V.  THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

The Defendant's Motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*,  818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*,  855 F. 2d 167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party.  *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "once a plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'"  *Miltier*, 896 F.2d at 852, *quoting Celotex v. Catrett*, 477 U.S. 317, 328 ( 1986) (White J., concurring).

For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to the Plaintiff.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment

the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). When, as in the present case, the Defendant is the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendant must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## VI.  DISCUSSION

### A.  Whether the Plaintiff has Exhausted his Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). Thus, the PLRA requires prisoners bringing actions concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal court. *See Porter*, 534 U.S. at 532; *Booth v. Churner*, 532

U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. The PLRA provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). In *Porter*, the United States Supreme Court stated that '[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id*. The Court stressed, as does the statute, that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, *Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.* In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

534 U.S. at 524-525 (emphasis added). It is clear from the *Porter* and the *Jones* opinions that administrative remedies must be exhausted prior to the filing and pursuit of a Section 1983 action. *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007).

It appears to the court that the Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit and thus this suit must be dismissed. The Plaintiff stated in his complaint that he filed three (3) grievances about the issues raised in his complaint prior to filing suit. Plaintiff listed these grievances as dated June 1, June 10, and June 23, 2006.[5] No copies of these grievances have been provided to the court. Plaintiff further stated he had not received answers to the grievances prior to filing suit.[6]

The court is aware that the SLRDC has in place an Inmate Grievance Policy (Policy #3.5.6), adopted July 1, 2003. It has been in effect during the Plaintiff's confinement at SLRDC.[7] In the prior action, the defendants therein presented evidence that the Plaintiff did not file any grievance related to the allegations of that lawsuit.[8] As mentioned above, the allegations of those two suits are virtually identical.

Because there is no evidence, beyond Plaintiff's bald allegation in his complaint, that the Plaintiff submitted any grievance related to this lawsuit prior to filing his complaint, each of the claims alleged in his complaint is barred by the PLRA. Accordingly, Plaintiff's failure to exhaust the administrative remedies at SLRDC prior to filing this action should warrant dismissal of the Plaintiff's complaint without prejudice.

---

[5]     *See* Complaint [1] at p. 2.

[6]     *See* Complaint [1] at p. 4.

[7]     The court is aware of this fact because of the Report and Recommendation submitted in the earlier case, *Hill v. McMillian and Major*, C.A. 9:06-0761-GRA-GCK.

[8]     *See* Affidavit of James Adams [28-3] at ¶ 10; *see also* Affidavit of Beverlyn Buchanan [28-4] at ¶ 7 and Exhibit A attached thereto; *see also* Affidavit of Nancy McMillan [28-6] at ¶¶ 14-16, 18-19 and Exhibit B attached thereto. The Affidavits are attached to Defendants' Memorandum in Support of Motion for Summary Judgment which was filed in *Hill v. Major, et al,* C.A. 9:06-2179-GRA-GCK.

**RECOMMENDATION**

Based on the foregoing, it is recommended as follows: The Plaintiff's action should be dismissed without prejudice; the Defendants' Motion for Summary Judgment **[11] is moot;** the Plaintiff's Motion for Extension of Time **[22] is moot**, and the Plaintiff's Motion to Compel **[23] is moot.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 1, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).