UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Brent Delano Hill, | ) | C/A No.: 9:07-cv-0196-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | (Written Opinion) |
| | ) | |
| Robert Dwyer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on August 1, 2007, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action on January 20, 2007, pursuant to 42 U.S.C. § 1983. Defendant moved for summary judgment on April 19, 2007. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on April 20, 2007. Plaintiff filed a response to the motion for summary judgment on May 23, 2007, and Defendants replied on June 4, 2007. The magistrate now recommends dismissing the plaintiff's complaint without prejudice for a failure to exhaust administrative remedies.

**DISCUSSION**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed a timely, specific objection to the Report and Recommendation on August 16, 2007.

## OBJECTION

The plaintiff objects to the magistrate's conclusion that he did not exhaust his administrative remedies for the grievances that serve as the basis for his complaint. To support this objection the plaintiff directed the court to grievances that he filed in two separate actions before this court: C/A No.: 9:06-761-GRA and C/A No.: 9:06-02179-GRA. The defendant did not argue that the plaintiff failed to exhaust his administrative remedies in his Motion for Summary Judgment; rather, it appears that

2

Magistrate Judge Kosko raised the issue *sua sponte*.

"[A] district court may raise the issue of exhaustion of remedies on its own motion." *Anderson v. XYZ Corr. Health Services*, 407 F.3d 674, 682 (4th Cir. 2005). However, it can only dismiss the complaint *sua sponte* if the "failure to exhaust is apparent from the face of the complaint," or after "giving the inmate an opportunity to address the issue." *Id.* In the immediate case, both conditions are met.

First, the face of the plaintiff's complaint clearly demonstrates that the grievances that serve as its basis have yet to be exhausted through the administrative process. The plaintiff's complaint relies on three grievances filed June 1, June 10, and June 23 of 2006. The plaintiff then admits that none of these grievances have been answered—he admits they have not been through the requisite administrative process. Further, the plaintiff has failed to provide the Court with copies of these grievances, and they are not within any of the filings related to this action or the two other similar actions as the plaintiff's objection suggests. Therefore, the face of the complaint demonstrates that the plaintiff has not exhausted his administrative remedies. *See Cabbagestalk v. Miller*, No. 3:06-1125, 2007 WL 172507 (D.S.C. Jan. 17, 2007).

Second, the plaintiff had a chance to address this issue in his objections to the magistrate's Report and Recommendation. The plaintiff's sole objection related to the exhaustion of remedies. He used his objections to point the Court to specific grievances he had filed. However, the information he provided in his objection fails to show that he exhausted his remedies for any of the grievances that serves as the basis for his complaint. Therefore, after giving the plaintiff an opportunity to address the issue, this Court finds that the plaintiff has not exhausted his remedies as required by the PLRA. Therefore, the plaintiff's objection to the magistrate's finding is without merit.

## CONCLUSION

After a thorough review of the record, Report and Recommendation, and objections, this Court finds that the Report and Recommendation applies sound legal principles to the facts of this case.  Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED that the plaintiff's action be DISMISSED without prejudice; the defendant's Motion for Summary Judgment be DISMISSED as moot; the plaintiff's Motion for Extension of Time be DISMISSED as moot; and the plaintiff's Motion to Compel be DISMISSED as moot.

**IT IS SO ORDERED**.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 12, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.